■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT L. NORMAN, Appellant. [609 NYS2d 482] —Judgment unanimously reversed on the law and indictment dismissed. Memorandum: Defendant was convicted by a jury of one count of grand larceny in the third degree and one count of criminal possession of stolen property in the third degree. The charges arose out of defendant's taking of $20,300 from a customer for the purchase of a log home kit to be delivered in the future. The kit was never delivered.

The evidence is insufficient to sustain the guilty verdict. To support a conviction of larceny by false promise, the People must show that defendant obtained property by knowingly and intentionally misrepresenting that he or a third party would engage in certain conduct in the future. The defendant's intention not to perform or belief that the third party would not perform may not be inferred from mere nonperformance of the promise *(see,* Penal Law § 155.05 [2] [d]). The

evidence must establish facts that are "wholly consistent with guilty intent or belief and wholly inconsistent with innocent intent or belief, and exclud[e] to a moral certainty every hypothesis except that of defendant's intention or belief that the promise would not be performed" (Penal Law § 155.05 [2] [d]; see also, People v Ryan, 41 NY2d 634, 639). The evidence failed to show guilty intent on the part of defendant to support his conviction of larceny by false promise. The evidence was also insufficient to support defendant's conviction of criminal possession of stolen property (see, Penal Law § 165.50). (Appeal from Judgment of Jefferson County Court, Clary, J.—Grand Larceny, 3rd Degree.) Present—Denman, P. J., Green, Lawton, Callahan and Doerr, JJ.